DYK, Circuit Judge,
joined by Circuit Judge WALLACH, concurring.
Although we join the per curiam decision in full, we write separately to express our concerns as to the United States Patent and Trademark Office’s (“PTO”) position oh joinder arid expanded panels since those issues are likely to recur. Although we do not decide the issues here, we have serious questions as to the Board’s (and the Director’s) interpretatión of the relevant statutes and current practices.
First, the IPR joinder statute provides:
(c) Joinder. — If the Director institutes an inter partes review, the Director, in his or her discretion, may join as a party to that inter partes review any person who properly files a petition under 'section 311 that the Director, after receiving a preliminary response under section 313 or the expiration of the time for filing such a response, determines warrants the institution of an inter partes review under section-314.
35 U.S.C. § 315(c). Thus, joinder is only permissible if the Director determines that a petition “warrants the institution of an inter partes review.” Id.
The IPR time-bar statute provides,
(b) Patent owner’s action. — An inter partes review may not be instituted if the petition requestirig the proceeding is *1020 filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent. The time limitation set forth in the preceding sentence shall not apply to a request for joinder under subsection (c).
35 U.S.C. § 315(b) (emphasis added). Particularly relevant to this appeal is the second sentence, which provides an exception to the 1-year time limit for “a request for joinder under subsection (c).” Id.
The joinder dispute in this case turns on the relationship between the joinder provision of § 315(c) and the exception to the time bar in § 315(b). Section 315(b) ordinarily bars a petitioner from proceeding on a petition if it is filed more than one year after the petitioner is sued for patent infringement. Id. Without the exception to that rule described in the second sentence of § 315(b), an untimely petition would still be barred even if it raised the same issues as those involved in an existing proceeding that had been timely initiated by a different petitioner. But the exception makes clear that the time bar “shall not apply to a request for joinder under subsection (c).” Thus, the exception to the time bar for “request[s] for joinder” was plainly designed to apply where time-barred Party A seeks to join an existing IPR timely commenced by Party B when this would not introduce any new patentability issues. This is supported by the legislative history for the joinder provision, § 315(c). See H.R. Rep. No. 112-98, pt. 1, at 76 (2011) (explaining that under § 315(c), “[t]he Director may allow other petitioners to join an [IPR] ”).
The issue in this case is whether the time bar provision allows a time-barred petitioner to add new issues, rather than simply belatedly joining a proceeding as a new party, to an otherwise timely proceeding. Section 315(c) does not explicitly allow this practice. We think it unlikely that Congress intended that petitioners could employ the joinder provision to circumvent the time bar by adding time-barred issues to an otherwise timely proceeding, whether the petitioner seeking to add new issues is the same party that brought the timely proceeding, as in this case, or the petitioner is a new party.
Second, we are also concerned about the PTO’s practice of expanding administrative panels to decide requests for rehearing in order to “secure and maintain uniformity of the Board’s decisions.” Director Br. 27. Here, after a three-member panel of administrative judges denied petitioner Broad Ocean’s request for joinder, Broad Ocean requested rehearing and requested that the rehearing be decided by an expanded panel. Subsequently, “[t]he Acting Chief Judge, acting on behalf of the Director,” J.A. 933 n.l, expanded the panel from three to five members, and the reconstituted panel set aside the earlier decision.
Nidec alleges that the two administrative judges added to the panel were chosen with some expectation that they would vote to set aside the earlier panel decision. The Director represents that the PTO “is not directing individual judges to decide cases in a certain way.” Director Br. 21 (quotation marks omitted). While we recognize the importance of achieving uniformity in PTO decisions, we question whether the practice of expanding panels where the PTO is dissatisfied with a panel’s earlier decision is the appropriate mechanism of achieving the desired uniformity. But, as with the joinder issue, we need not resolve this issue here. Nor need we address the predicate issue of appealability.